17-2084-cv
Purjes v. Plausteiner

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of April, two thousand eighteen.

PRESENT:    ROBERT D. SACK,
            PETER W. HALL,
            CHRISTOPHER F. DRONEY,

            *Circuit Judges.*
------------------------------------------------------------------------
DAN PURJES,

                *Plaintiff-Counter-Defendant-Appellant*,

            v.                                      No. 17-2084-cv

STEVEN PLAUSTEINER, SUSAN PLAUSTEINER,

                *Defendants-Counter-Claimants-Appellees.*

------------------------------------------------------------------------
FOR APPELLANT:              Steven E. Mellen, Winget, Spadafora & Schwartzberg, LLP, New York, New York.

FOR APPELLEE:               Carolyn K. Cole, Cole Assoc., Lebanon, NH, and Kimberly C. Lau, Warshaw Burstein, LLP, New York, New York (*on the brief*).

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Caproni, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Counter-Defendant-Appellant Dan Purjes ("Purjes") brought the instant action against his former business partners, claiming breach of contract and fraudulent conveyance. Following a two-day bench trial, the district court entered judgment in favor of Defendants-Counter-Claimants-Appellees Steven and Susan Plausteiner ("the Plausteiners").

The Plausteiners are former majority owners of Snowdance LLC ("the Company"), a company that owned and operated Ascutney Mountain Resort in Vermont ("the Resort") for roughly two decades. In 1998, Purjes became a minority investor in the Company. In 2000, he lent the Company $1,000,000 to help finance the purchase of a high-speed quad lift. And the Company in turn issued a promissory note to Purjes for the same amount. And the Plausteiners, Purjes, and the Company then executed a subordination agreement ("the subordination agreement"). The subordination agreement provided that any loans the Plausteiners had made to the Company, whether made before or after the $1,000,000 loan, were subordinated to the Company's obligation to repay Purjes the principal of the $1,000,000 loan he had made to the Company. The subordination agreement also provided that in the event of default on the $1,000,000 loan the Company would not pay any amount due to the Plausteiners until the $1,000,000 loan was repaid in full, and that should the Plausteiners receive any funds in contravention to the subordination agreement such funds were to be

2

returned to the Company for repayment of the $1,000,000 loan upon Purjes's demand. The Company stopped making payments on the loan in 2001, and it is still unsatisfied. **SPA 32.**

Before us on appeal is the question of whether the Plausteiners breached that subordination agreement in carrying out two transactions. For the reasons set forth below, we conclude that they did not. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

"On appeal from a judgment after a bench trial, we review the district court's findings of fact for clear error and its conclusions of law *de novo*. Mixed questions of law and fact are also reviewed *de novo*." *Roberts v. Royal Atlantic Corp.,* 542 F.3d 363, 367 (2d Cir. 2008).

Purjes first argues that the Plausteiners should be equitably estopped from arguing that a condominium titled in their name belonged to them, because they recorded the proceeds of sales of other condominiums on the tax returns of the Company. We review this mixed question of law and fact *de novo*. It is undisputed that at the time Purjes invested in the Company the Plausteiners personally held title to several condominiums at the Resort. The Company was entitled to use all of the condominiums as rental properties and paid all expenses related to them. Between 2002 and 2004, all but one of the condominiums were sold. The proceeds of those sales were reported on the Company's federal tax returns as § 1231 gains and as "proceeds from the sale of property and equipment." App'x at 605, 634, 662. The Plausteiners testified that they voluntarily contributed the proceeds from the sale of those condominiums to the Company.

In 2010, the Plausteiners surrendered their interest in the Company. In 2012, the Plausteiners sold the last condominium, Unit 603, for $112,000. According to Purjes, the

3

fact that the Plausteiners reported the sale of some condominiums, of which the Company received all proceeds, on the Company's tax returns, estops them from arguing that a separate condominium, to which they held title, belonged to them before they sold it. This argument is entirely unpersuasive. Not only has Purjes failed to establish that the Plausteiners ever represented that the Company owned Unit 603, he has failed to establish that he justifiably relied on such a representation. *See Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 706, 725 (2d Cir. 2001) (explaining that "[t]he doctrine of equitable estoppel is properly invoked where the enforcement of the rights of one party would work an injustice upon the other party due to the latter's justifiable reliance upon the former's words or conduct").

The second transaction Purjes takes issue with is the Plausteiner's purchase of a snow groomer they allowed the Company to use for two seasons. Purjes argues that the Company paid roughly $71,000 to rent the snow groomer for the 2008 season, and that when the Plausteiners purchased the snow groomer themselves they were given a roughly $57,000 discount on account of those rent payments. The district court found that the Plausteiners presented credible testimony that the Company never paid rent for the groomer, and that the discount on the price of the snow groomer was the product of negotiation. Subsequently, the district court found that the Company had not paid rent for the groomer. Reviewing this determination for clear error, we are not "left with the definite and firm conviction that a mistake has been committed." *Locher v. Unum Life Ins. Co. of Am.*, 389 F.3d 288, 293 (2d Cir. 2004) (internal quotation marks omitted).

4

We have considered all Purjes's arguments and conclude that they are without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court